UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LOUIS LADOUCER, JR.,

        Petitioner,                      Case Number: 2:13-CV-12492
                                                  HONORABLE VICTORIA A. ROBERTS

v.

JOHN PRELESNIK,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING AND MOTION FOR APPOINTMENT OF COUNSEL

Michigan prisoner Donald Louis Ladoucer, Jr., filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is held in violation of his constitutional rights. Petitioner pled guilty to assault with intent to commit criminal sexual conduct, MICH. COMP. LAWS § 750.520g, in Bay County Circuit Court and was sentenced to three to ten years' in prison in 2011. Before the Court are Petitioner's "Motion for Evidentiary Hearing" and "Motion for Appointment of Counsel."

Rule 8 of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Having

conducted a preliminary review of this case, the Court finds that an evidentiary hearing is not required. Respondent submitted the transcripts and documents relevant to the adjudication of the petition as mandated by Rule 5 of the Rules Governing Section 2254 Cases. It appears that Petitioner's habeas claims can be decided on the existing record before the court. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Moreover, the United States Supreme Court made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011). Consequently, Petitioner is precluded from introducing into the habeas proceeding information that was not presented to the state courts. *See, e.g., Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012) (stating that even if a court conducted an evidentiary hearing on a claim adjudicated by the state court, it would have to "disregard newly obtained evidence").

Additionally, an evidentiary hearing is not warranted under 28 U.S.C. § 2254(e)(2), which applies to claims not adjudicated on the merits in the state courts. *Keeling v. Warden*, 673 F.3d 452, 464 (6th Cir. 2012). That provision states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  Petitioner has made no such showing.

Petitioner also requests the appointment of counsel.  There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed.  *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding that a habeas petitioner is not entitled to the appointment of counsel to assist in habeas corpus proceedings); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  The Court determines that the interests of justice do not require appointment of counsel.

The Court **DENIES** Petitioner's "Motion for Evidentiary Hearing" [dkt. #4] and "Motion for Appointment of Counsel" [dkt. # 5].

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 6, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Donald Louis Ladoucer by electronic means or U.S. Mail on February 6, 2014.

s/Linda Vertriest
Deputy Clerk