UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LADOUCER, JR.,

        Petitioner,               Case Number: 2:13-CV-12492
                                                                     HONORABLE VICTORIA A. ROBERTS

v.

JOHN PRELESNIK,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Donald Ladoucer, Jr., a prisoner in the custody of a the Michigan Department of Corrections, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction for assault with intent to commit criminal sexual conduct with sexual penetration. Respondent argues that the petition should be denied because the claims are without merit and/or not cognizable.

The Court denies the petition.

**I.    Background**

Petitioner was charged in Bay County Circuit Court with assault with intent to commit sexual penetration, Mich. Comp. Laws § 750.520g; and two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520(d). On June 3 2010, he pleaded guilty to one count of assault with intent to commit sexual penetration pursuant to a plea agreement providing for the dismissal of the remaining charges. On July 19, 2011,

he was sentence to 36 to 120 months' imprisonment. On February 11, 2011, he filed a motion in the trial court to correct invalid sentence, hire an expert witness, and for a *Ginther* hearing. The trial court denied Petitioner's motion.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising these claims: (i) offense variable 11 improperly scored; (ii) trial court abused its discretion in denying Petitioner's request to withdraw his plea; (iii) trial court abused its discretion in denying request for a *Ginther* hearing; and (iv) matter should be remanded to a different court for resentencing. The Michigan Court of Appeals denied leave to appeal. *People v. Ladouceur,* No. 304946 (Mich. Ct. App. Sept. 20, 2011).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised on the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Ladouceur*, 459 Mich. 967 (Mich. March 30, 1999).

Petitioner then filed the pending habeas petition. He raises this claim:

> Was the Petitioner deprived of his Sixth Amendment and Fourteenth Amendment right to confrontation and due process of law where the evidence is legally insufficient to justify the guilt finding of assault with intent to commit CSC with penetration pursuant to Mich. Comp. Laws § 750.520(G)(1) requiring dismissal of the charges or reversal of the plea-based conviction.

## II. Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of

habeas corpus only if he can show that the state court's adjudication of his claims –

>  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'

3

on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-03 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III. Discussion

The petition sets forth a single issue: the evidence was legally insufficient to justify a finding of guilty of assault with intent to commit sexual penetration. The argument section raises additional claims that simply set forth a constitutional right, e.g., the Sixth Amendment right to the effective assistance of counsel, but do not relate the right specifically to his case. Respondent correctly notes that these additional claims are unexhausted because they were not properly presented to the Michigan Court of Appeals or Michigan Supreme Court. The Court nevertheless addresses the merits of these claims because the Court may decided an unexhausted claim where the unexhausted claim is plainly meritless, not cognizable on federal habeas review, or doing so is in the best interests of the parties and judicial economy. *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

Petitioner first argues that the evidence was insufficient to support his conviction because Petitioner did not admit to penetrating the victim. A valid guilty plea waives all pre-plea non-jurisdictional constitutional challenges, including a challenge to the sufficiency of the evidence. *United States v. Hawkins*, 8 F. App'x 332, 334 (6th Cir. 2001). In addition, under Michigan law, penetration is not an element of assault with

intent to commit sexual penetration. Instead, the elements of the offense are "(1) an assault, and (2) an intent to commit criminal sexual conduct involving sexual penetration." *People v. Starks*, 473 Mich. 227, 234 (2005) (quotation omitted). While Petitioner denied actually penetrating the victim at the plea hearing, he admitted to assaulting her with the intent to penetrate. Therefore, his claim that the elements of the offense were not satisfied is contradicted by the record.

To the extent that Petitioner claims that an insufficient factual basis was established to support his plea, this claim is not cognizable on habeas review. "'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. Nov. 17, 2010), *quoting Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *see also Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010). Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief. *Bonior*, 416 F. App'x at 478.

The Court now turns to the claims that were not set forth in Petitioner's issue presented, but are briefly raised in his petition. First, Petitioner challenges the scoring of offense variable 10. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state

court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). A claim that offense variables were improperly scored under state law is not cognizable on habeas corpus review. *See Coleman v. Curtin*, 425 F. App'x 483, 484-85 (6th Cir. 2011).

Petitioner next states that his plea was involuntary. To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

Before accepting Petitioner's plea, the trial court advised him of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement, determined that no promises, other than those encompassed in the plea agreement, had been made to him, and no one had threatened Petitioner to force him to enter the plea. Petitioner represented that he understood the terms of the plea agreement. In denying Petitioner's

motion to correct invalid sentence and for a *Ginther* hearing, the trial court held that the plea was knowingly and voluntarily entered. The record supports this conclusion. There is no basis for habeas corpus relief on this claim.

Finally, Petitioner claims that he received ineffective assistance of counsel. The nature of his specific ineffective assistance of counsel claim is difficult to discern from the rambling petition, but Petitioner appears to argue counsel was ineffective during sentencing. The standard for obtaining habeas corpus relief is "'difficult to meet.'" *White v. Woodall*, — U.S. —, 134 S. Ct. 1697, 1702 (2014), *quoting Metrish v. Lancaster*, 569 U.S. —, —, 133 S. Ct. 1781, 1786 (2013). In the context of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted).

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

In denying Petitioner's request for a *Ginther* hearing, the trial court held that all of the offense variables challenged by Petitioner were correctly scored and that counsel was not ineffective. The record shows that counsel actively represented Petitioner's interests at the plea hearing and at sentencing. Petitioner provides no specific argument that would call into question the reasonableness of the state court's conclusion. Petitioner's recitation of cases applying the *Strickland* standard without any specific reference to his own case or specific allegations of his own attorney's ineffectiveness is insufficient to satisfy the AEDPA's doubly-deferential standard. The Court denies relief on this claim.

## IV.    Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

## V.     Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

                                         S/Victoria A. Roberts
                                         Victoria A. Roberts
                                         United States District Judge

Dated:  March 31, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2015.
>
> S/Carol A. Pinegar
> Deputy Clerk